This is Jose Perez et al. v. Owl, Incorporated, and the Secretary of Labor is here as amicus. Shannon Liss-Roridan is here for the appellates. J. Larry Stein is here for Owl, and Dean Roemhildt is here for the Department of Labor. Ms. Liss-Roridan, when you're ready, you may begin. Excuse me, I had to check my water at the door. Good morning, Your Honors. May it please the Court, I'm Shannon Liss-Riordan. I'm Shannon Liss-Riordan for the plaintiffs, and I'm reserving three minutes of my time and sharing my time with the Department of Labor. This case raises two very important interrelated issues. Does the lack of a private right of action in the Service Contract Act prevent plaintiffs from arguing that the Service Contract Act sets the minimum regular rate for FLSA claims? And then the very similar issue of does it preclude plaintiffs from enforcing the rate set by the SCA through a state breach of contract law? The overwhelming weight of authority... I think we have a problem potentially even getting to that question, which I hope we can address first. Would you agree that this is a Lynn's Food settlement? I'm sorry? I couldn't hear you. Would you agree that the settled count was a Lynn's Food settlement? I'm sorry, Your Honor. I can't hear what you just said. Oh, sorry. How about that? Would you agree that the settled count was a Lynn's Food settlement? The settled count... The settled count... I mean, there was an explicit partial settlement of the FLSA claim. The only part of the claim that was settled was whether or not all of the overtime hours were paid and whether some of the class members were improperly classified as exempt. The parties and the district court expressly allowed the plaintiffs to proceed with an appeal on the question of whether the regular rate was properly calculated. But that question is not really up to the district court and the parties. It's up to the jurisdictional statutes. So, what I'm trying to figure out is whether we have jurisdiction to consider the merits arguments that you want us to get to. Your Honor, that hasn't been briefed by the parties, so to the extent you want to order supplemental briefing, we can address that. I believe the supplemental briefing... We did order supplemental briefing before the argument. I believe what both parties understood the order to mean was that the district court apparently inadvertently didn't include in the final judgment a dismissal of the breach of contract claim, which had been dismissed on an earlier summary judgment motion. That's what I think both sides addressed and thought that you meant. So, let's say that, just speaking for myself, I didn't think that that was the problem. Let's say that the problem was that the district court, it seems, attempted to dismiss one the entire action as Rule 41A mandates. Then, if that's the case, then we do not have jurisdiction to consider the second undismissed claim. Why is that not the case here? So, Your Honor, I'm sorry, I'm just a little taken aback because I hadn't recognized that was the question. I would ask to be permitted to do supplemental briefing on it, but regardless, there's no way that the district court can hear the breach of contract claim that was dismissed on summary judgment. So, may I use my remaining time to address that at least? Sure. Okay. Thank you so much. I don't mean to add to that. Why would that be the case? Why could we hear the breach of contract claim? Because the breach of contract claim was, it was gotten rid of on summary judgment, but then the litigation continued. And so, whether there's a final judgment or not, I mean, the fact that the district court ruled on one claim, I don't understand, I just don't understand why that would solve this problem. So, the breach of contract claim was dismissed on summary judgment, and we planned to appeal it. The district court inadvertently didn't include that in the final judgment, which could go back and be corrected now, or the court could just recognize it was just a technical error. On the FLSA dismissal, everyone understood that we had only partially settled the FLSA claim. If you have questions about that, I'm happy to brief it afterwards. I guess I'm just saying, I think you should just assume for the purposes of your argument that we're going to reach both claims, because I just don't see a line where, like, we just reached the breach of contract claim, and then we, for some reason, don't have jurisdiction over the FLSA claim. We don't usually, like, have a final judgment with respect to separate claims against the same parties. So, but I have a question about the breach of contract claim. Yes. Which is, how do you square the breach of contract claim with our decision in District Lodge? It seems like the worst case for you on that. Okay. So, I'm very sorry. I'm not prepared on that case. What I did want to point out was that every court, as far as we are aware, except for the Second Circuit in Gruchowski, has recognized that the lack of a private right of action in Federal contracting laws does not preclude other cases, do not preclude breach of contract claims that recognize that the law as it exists at the time of a contract is a necessary element of the contract. And the District Court cited in its order on the motion to dismiss, it recognized this and cited the Florida Court, Florida Supreme Court and Foundation Health Decision, 944 South 2nd, 188 at 194. It's pretty universal among the cases that have addressed this issue. The District Court got it correct on the motion to dismiss, which is in the Appendix Volume 1, 52 to 56. It recognized that the law at the time is a necessary element of a contract. Later on the summary judgment decision, the District Court seems to have forgotten what it decided on the motion to dismiss. Since you're running out of time, I'm going to ask you to deal with one line from one Florida case and let me know why this doesn't defeat your breach of contract argument. In Westside EKG Associates, the court found that when parties contract upon a matter which is the subject of statutory regulation, the parties are presumed to have entered into their agreement with reference to such statute, which becomes part of the contract. So far so good for you, right? But then it says, unless the contract discloses a contrary intention. Why isn't the hourly rate in this contract a disclosure of a contrary intention to whatever hourly rate the law requires? So that would be the same thing as saying that an employer who pays employees less than the federal minimum wage is disclosing their intent to violate the law and somehow that becomes the contract, and obviously that could not be the case. The District Court, again, in the motion to dismiss on the contract claim, got it right and recognized that the law at the time is, and citing Florida law, is part of the contract. And in the cases, I'd cite you to the Cox case by the New York Court of Appeals, simply because employees show up and do work at a lower rate than they should be paid doesn't mean that they have accepted terms of a contract. All right. We have your argument. Thank you, Ms. Liss-Rordan. Thank you. All right. And Mr. Romhill for the Department of Labor. Mr. Romhill, for the Department of Labor. Good morning. Do you have a jurisdiction? The Secretary hasn't taken a position. There was no mention of the count to and the final order. The Secretary doesn't particularly have an interest and hasn't taken a position. Can you hear me? The Secretary hasn't taken a position and doesn't have an interest on the jurisdiction issue. I'm sorry. It's not an issue in our purview and neither is the breach of contract claim. We are participating in this case because the district court made a decision in the context of the motion in Lemonet to decide an FLSA issue for purposes of the plaintiff's FLSA overtime pay claim without applying FLSA principles. Instead, the district court relied on the lack of a private action, a private right of action in the SCA, which is correct. There is no private right of action in the FLSA, but that particular fact is not relevant to the regular rate and determining the regular rate of pay for these particular employees. Yeah, I had a question about that, so I thought your brief was great. Thank you for filing it. You cite a lot of regulations and guidance and other materials from the Department of Justice issue, and the question I have is what degree of deference do we owe those? No one really addresses that, but I was hoping you would under, you know, sort of the Chevron, et cetera, framework. Did you answer that? Yeah. So, to be clear, we're not seeking or asking for Chevron deference, and maybe I should put it in the main part of the brief above the line. We did drop a footnote in the brief explaining that we do view our interpretation, given that it's reasonable and been longstanding, to be entitled to skid more deference. We think it's a persuasive, consistent, longstanding, reasonable interpretation of Section 207 and what the regular rate is. Now, go ahead. Well, I was just going to say, just to follow up real quick, so am I right in understanding that this sort of longstanding interpretation has not only been that the regular rate means like a lawful regular rate? That's longstanding, right? Yes. Is it also longstanding, the interpretation that lawful regular rate means the rate provided by the SCA? Well, the interpretation comes from FLSA principles. It's not specific to the SCA or to even federal prevailing wage laws. I mean, it comes up, frankly, and more likely in situations where there's a, many states have higher minimum wages than the FLSA provides, and it comes up in that context more often. But no, it's rooted in general FLSA principles that the regular rate at which an employee is employed should be the regular rate at which he or she is lawfully employed. And that, you know, that could apply in many different contexts. So it's not specific to the SCA. It's a generally applicable FLSA principle that should nonetheless apply in the SCA context just as it has, just as we've applied it in other contexts. How do you, here's my question, how do you square that interpretation, which I agree is reasonable kind of as on account of the policy that we might all want, but how do you square that with the actual text of the FLSA? I think it's firmly grounded in the text of the FLSA. I mean, Section 202 of the FLSA states or declares Congress's purpose in passing the FLSA is to correct detrimental labor conditions. It does that by, there's child labor provisions, there's minimum wage, there's overtime pay provisions. But what about, what about 207E, which says, as used in this section, the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to or on behalf of the employee. Why doesn't that mean that we take what the employee was paid, not what they should have been paid if the employer had been following, you know, appropriate other standards for their pay? I mean, the whole point of 207E, reading the whole provision, is to set forth the broader principle that all types of remuneration, all types of pay, and we're talking about bonuses, other forms of compensation, should be included in the regular rate, subject to, I think, their eight or nine exclusions that aren't included. So the point of that statute is not to define the regular rate, but to provide direction as to what types of payments are included or not included in the statute. I would reference you to Section 218, which is in title relation to other laws, where Congress directed that the FLSA, you know, at the time the FLSA was passed, there were federal prevailing wage laws on the books. There was also many state and local minimum wage laws on the books, and Congress directed that the FLSA shall not excuse noncompliance with any of these other laws. And I think that's the statutory provision that really grounds this particular interpretation here that the FLSA is meant to provide a floor, and it shouldn't in any way excuse noncompliance with other applicable minimum wages. Isn't there a potential conflict in that approach? Maybe there's not. Tell me why. If this court and other courts, district courts across the country, are making decisions about what the regular rate under the SCA is for various professions, right, what if you, the Department of Labor, it seems, has determined that these employees were shuttle drivers, but what if we determined that they were either ambulance drivers or taxi drivers? Doesn't that create kind of different interpretations floating around when, with no private right of action, I'm not sure how we have, as an initial matter, the right to make that determination. My time is, may I answer, yeah. So our view of that is that there is no private right of action in the SCA, so courts generally aren't not making that determination because it doesn't come up directly in SCA actions. But it is our view that the department should be the one making those determinations, SCA determinations, in the first instance. It's sort of the concept, excuse me, the concept of primary jurisdiction. We're the ones who are responsible for issuing the wage determinations, and we maintain the director of occupations, and we make those determinations in normal course. And we would expect that courts, they're subject to judicial review, of course, but as a general matter, courts should decline to make those determinations as to the correct classification and can certainly reach out to us to make those determinations. What would we have done here, excuse me, if the Department of Labor hadn't made that determination? You think the court needs to reach out and ask for that determination and then just wait in order to make our decision? The court here completely sort of foreclosed any consideration, any argument or evidence by the parties as to what that regular rate would be by ruling on the motion limine. So... But I thought you didn't want the court to make that decision anyway. Well, we wanted the court, I think the court's determination on the motion limine was erroneous, but it doesn't necessarily mean that the court will ultimately decide the employee's SCA classification if it determines the regular rate of pay. Obviously, the parties will make whatever arguments they make. There is a determination by the Department of Labor that's out there that the courts can certainly review and determine whether that's applicable to the drivers, which doesn't require the court to review the underlying merits of our determination, but just to assess its applicability to these particular drivers. You know, do the drivers do the same type of work, the same scope of work in this lawsuit as the drivers did in the determination that the Department of Labor made? But unless it's legally, unless this work legally falls into one category or another, there's no argument that that would be the regular rate of pay, right? I'm not sure I understand your question, but if... You're saying you don't really want the court to make the decision, but you want us to kind of make a, get enough of a feel for what the decision probably would be and go ahead and enforce that. I'm not sure why that's the most lawful solution. We want the court to make the correct determination to actually consider arguments on the FLSA regular rate of pay, and in situations where the actual rate of pay is lower than a lawfully applicable minimum wage, such as an SCA prevailing wage rate, the court should recognize that there is that possibility that the SCA prevailing minimum wage rate would be the regular rate in that particular circumstance. And then there are avenues for the district court, if this court were to remand, to determine that, such as assessing the determination we've made, and such as reaching out to the department for guidance on the issue. A district court very recently did that in a DBA case, Davis-Bacon Act case involving classifications. I have one more fast question, if the presiding judge will indulge me. If, let's say, don't make it this case, because I'm not asking for any concession in this case, but if there were a case where a group of employees sued for damages based on overtime, and this SCA question just never came up, and subsequently the Department of Labor did an investigation and determined that the rate had been incorrect under the SCA, would damages include overtime at that SCA rate, or would damages only include the base pay at that rate? Well, I mean, for our purposes of our investigation, we would, under the SCA, determine damages based on the SCA prevailing wage rate. There's no overtime pay provision in the, you know, in the SCA. We'd be hopeful that under the FLSA, where there is the ability to recover office and overtime premium, that overtime premium would be calculated at a higher minimum wage, but that would also be up to the parties in that particular case to bring it to the attention of the court and have the court assess the applicability of the department's determination to see if it applies to the FLSA. Thank you. All right. Thank you, counsel. Mr. Stein. Good morning. I'm pleased to court. I'm Larry Stein. I have the pleasure of representing Al. As to jurisdictional, we support, in the brief, we indicated there was no jurisdiction here, so we've taken the position in the supplemental brief that court does not have jurisdiction to answer to the first question you haven't asked or anticipated. Do us a favor. I know we're having trouble with our microphones, too. Could you put your microphone up a little bit? Thank you. Yes, ma'am. I'm a little tall here. There you go. That's great. The microphone's not quite close. Yes, ma'am. So, is they the case until the parties go back down to the district court to get the order amended? That is, could be a solution to the problem, but there is, at this time, not a final judgment on all counts. If we don't have jurisdiction, we can't, we can't even do that, can we? Your Honor, I just answered the question. How y'all are going to do the remedy is, I believe, up to the court, and I'm going to be so presumptuous as to say what the remedy is. But your position is that we're bound by our opinion in Roswell versus VMSD, and there's no real difference in this case. Yes, Your Honor. It's pretty clear.  We don't have jurisdiction. Yes, Your Honor. Do you think a LENDS, most LENDS food settlements that I've seen, first of all, do you think this is a LENDS food settlement? It was a LENDS food settlement, but the agreement in the LENDS food did, as plaintiff's counsel indicate, try to preserve the appellate issue based upon the motion in LENDY. And the breach of contract, we didn't have to preserve it because it was going to be a judgment, and it was dismissed. A little bit different, though. So we agree it's a LENDS food settlement. Do, I think we haven't said that LENDS food needs to typically be a dismissal rather than a judgment against a defendant. Do you have a view on whether there's a standard for how a LENDS food settlement needs to be kind of enforced in that way? Your Honor, I don't. But I do know in this, in every case I've had with a LENDS food settlement, it has been a judgment against the defendant. Interesting. Okay. I've had a, and I do an awful lot of wage hour litigation. It's what I specialize in. And every LENDS food settlement we've had has resulted in a judgment against the defendant for the amount of money that the courts have agreed on the settlement and have not been a dismissal. Okay. Thank you. Can I ask you a question about the dismissal? So there are two counts in the case, right? So count one is this FLSA claim and count two is the contract claim. The contract claim goes out on summary judgment. Yes, sir. Why isn't then the agreed dismissal, why doesn't that resolve all the claims in the case? Because there's only one claim remaining in the case. The only reason is that there was not judgment rendered on the breach contract. When you read the order, he said he would render judgment later on count two, and there's no record of judgment being rendered in the case for the defendant on count two. For anybody on count two, right? I mean, it... Well, for count one, it's a LENDS food settlement and it's a judgment entered against the defendant for... I guess because of the summary judgment, I guess I'm just thinking like, so in the normal way, this would come up, right? So there's, you know, someone brings five claims, two of them get dismissed at motion to dismiss stage, and then you litigate the other three claims for like four years, and then they're resolved. Does the district court then, in its order resolving the claims that are remaining, have to go back and then like try to resolve the ones that are already dismissed four years earlier, too? Or they just, they're just kind of part of it, right? Once you enter the judgment. They can enter the judgment at any one of the stages. They can enter the judgment on those counts right after the motion for summary judgment where they ruled on it. Well, you can't enter a judgment because you can't enter a final judgment on, you know, on a single count. So, I mean, you've got to wait until the end to enter your final judgment. But I guess I'm trying to figure out why the final judgment piece of paper has to address claims that are, have already been resolved instead of just saying, hey, the case is over now. We've resolved all the claims. It's the end of the case. It appears from the case that we were discussing that they need judgment on all the counts. It would be a final judgment on all counts. Yeah, I'm not so sure that's right, though, because in that case, in, I guess it's Rosal, or Rosal, Rosal, in that case, they didn't have a final judgment, right? Because they had a stipulation of dismissal? Yes, sir. Okay. Stipulation of dismissal. Because the court just said he did not, he granted the summary judgment as the count two. And an order for judgment would be entered later, is what his order said. Okay. And enter the order of judgment at that time. All the court had to do in its final judgment in this case was just a few words, just mention the summary judgment, and we wouldn't have a jurisdictional problem, would we? I don't believe you would, Your Honor. And is that because the court, in its ruling on summary judgment, said it was going to enter an additional order? Or is your argument that the court, whenever it grants summary judgment, has to enter an additional order at the end of the case, referring back to the claims that it previously resolved? I think in order to make the record clear that you have final judgment on all counts, the courts below have to enter judgment on all counts, either dismissal judgment granting to the defendant or to the plaintiff. I think the issue is that you can't, that the district court can't have a dismissal for less than the whole case. So when a district court attempts to have a 41A1 or A2 dismissal of one count rather than the whole case, that's per se invalid. Here, I think there's even another layer, though, which is everything, it seems that both of the parties think that not everything in count one was resolved. Right? That's, I'll confess, that's tripped me up a little bit because I don't see how, even let's suppose you could just dismiss one claim, I don't see how you dismiss one claim while also waiting to see what the final damages on that claim will be later. At that point, I don't think that claim really is dismissed. Parties were trying to avoid a trial because the critical issue was on the FLSA claim was the motion in limine. And that was the one that we had the dispute on and we were trying to resolve the matter, reserve jurisdiction for the motion in limine. That was the attempt of the parties. Right. Reflected in the settlement agreement. Sometimes, sometimes parties, though, will say stipulate to a conclusion, right, to allow you to get to the secondary conclusion. Why wouldn't that have been the appropriate thing to do? Your Honor, we were trying our very best, what I think is a very complicated case with FLSA, SCA, motions in limine, motion summary judgments to try to resolve this short of a trial. And that's what we attempted to do in the FLSA settlement agreement that went through the Lynn's Food Procedure multiple times, actually, but eventually was approved by the magistrate judge and approved by the district judge. For the record, I wouldn't be sorry if Rule 41 were revised to get rid of some of these, I think what can fairly be called technicalities, but we are where we are. Yes, Your Honor. Would you all, I mean, address the other issues that are before the Court? Let me start off with the 29 CFR 778.5. First thing is the statute says that it's the amount actually paid. The Supreme Court in the 1940s did the same thing. And an awful lot of the Fair Labor Standard Act's seminal cases come out of the 1940s. And this one's the Walling v. Youngerman Rentals Hardwood Company, and it basically says that they will pay, it's done retroactively. They look at what the agreement was with the parties, then they apply the law to the amounts actually paid. And that's what happened in this case. Now, the facts of this one are important because the amount of money that we were paying our employees and entered into a contract with and said, we're going to pay you $10.49, it varied from location to other, was a prevailing wage under the Service Contract Act. So under 778.5, the overtime was calculated at a prevailing wage on the SCA. So that's not the fundamental issue before the court. The fundamental issue before the court is who's going to make the decision as to a job classification? And there's a major dispute between the parties as to what the job classification is under the SCA. Now we're at the point, and the question becomes, if we go back down and do it, is the jury going to decide whether the classification is under the directory of SCA occupation, which is a highly technical document, is it a taxi driver, is it a shuttle bus, or is it an ambulance? All three are prevailing wages under the SCA. And now what they're trying to say is under the FLSA, even though we are paying a wage higher than a federal minimum wage, higher than a Florida minimum wage, we're paying a prevailing wage under the SCA, but they want the court to have the jury decide which job classification. At this time, we're in litigation with the U.S. Department of Labor on an SCA classification issue, and they're following the administrative procedure. Do you agree that the interpretive guidelines, the Department of Labor's interpretive guidelines of the FLSA is entitled to a Skidmore deference? It is, and we have done so, and we have used the SCA prevailing wage rate in accordance with 778.5. But, Your Honor, it cannot be used, an interpretive bulletin cannot be used, to offset a Department of Labor regulation, which is what they're trying to do. 29 CFR 4.187F says if there's a dispute between the contractor and the Department of Labor on the classification, it goes through an administrative process in accordance with 29 CFR Part 6. We are in that process right now. The Secretary has been withholding funds from the VA to fund the back wages that they claim are due from the classification. And we have protested that, and are in the process of negotiation, and if the negotiations fail, we will go before Department of Labor ALJ, go before the Administrative Review Board, and then after all that, after we have exhausted the administrative remedies, we get to go to federal court. What the plaintiff's trying to do is, for them, for the employees, and by the way, they initiated this process by filing a complaint to the U.S. Department of Labor that we were violating the SCA. They want to bypass the very procedures set forth in the regulation. Now, you can give Skidmore deference to a point, but you can't use Skidmore deference on an interpretive bulletin to overcome a Department of Labor regulation. Because a regulation, as you know, gets the force and effect of law, whereas the interpretive bulletin just gets Skidmore. So if... Can I ask you to address... So that's a really interesting argument. Just step back from that a little bit, though, and let's assume that this were not the Department of Labor and the SCA and whatnot. Let's assume it was a local minimum wage, right? So the City of Atlanta sets the minimum wage at $15 an hour. Somebody doesn't pay $15 an hour, and then the employee comes into federal court and says, you owe me overtime based on $15 an hour and not what you paid me, $10 an hour. Right. Why can't you litigate that in federal court? Well, the simple fact of the matter is, in every single case that they cite with a private plaintiff in the brief, every one of them, if you go back and look, you'll see what the plaintiff's attorneys did. They filed suit under the Fair Labor Standards Act and the State Minimum Wage Act. So that the court had jurisdiction under the Atlanta ordinance, if there was such a thing, and there are lots of ordinances like that, because of pendent jurisdiction. So it's not an issue in almost any of the private plaintiffs. I mean, it's certainly weird here, right, that they don't have a cause of action under the SCA itself. That's weird, but I guess I'm trying to figure out why weirdness means that they don't get to bring the cause of action that they do have, which is under the FLSA. Because the FLSA basically still says the regular rate at which they actually pay. And in almost every one of these cases they cite, when you start digging into the facts, you'll start finding that the defendants were paying the rate. The Power Design case, for example, which both parties on the other one cite, Your Honor, if you read it carefully, you'll notice that the defendants submitted certified payroll records under the Davis-Bacon Act, specifying that those employees got the electrician rate. Now you can go back to Walling and the Youngerman, and yeah, there's a higher rate that they're going to pay overtime, because it was in the record. And that's, when you start digging into these cases, you'll start finding it. Now, the other two court of appeals that have dealt with this kind of issue that we're struggling with, the second circuit in the Grabowski case, and the D.C. circuit in the Danielson, which was a RICO case, where they tried to bypass the administrative process for SCA and bring a RICO case, they also dismissed it under Danielson. So the two courts of appeals that have had to address this particular issue have decided not to allow the district court to make a decision on an SCA rate. And here the question is not whether it's a prevailing wage, it's which prevailing wage is there. The secretary is not going to accept the jury's determination as a taxicab driver, either. The secretary is going to make his own determination and set up an administrative procedure for us to follow, and we need to follow it. All right. Thank you, Mr. Stein. Ms. Rordan. So, Your Honors, the district court below did not grapple with or even address the cases, the many cases that said that you can bring an FLSA claim even if the SCA or a federal contracting law is at issue. The Supreme Court in Powell, this court in Lee, the Fourth Circuit in Amaya, the court in Moody, the Seventh Circuit in Wigod, there was no analysis of any of those cases. These cases, the overwhelming majority of the cases, except for the Gruchowski case, which has been criticized, said that plaintiffs can bring a breach of contract claim based on the principle that the law that exists at the time is incorporated into the contract. There was no written contract here between the plaintiffs and the employers, so it's not like they showed up to work one day and they got a piece of paper saying you will be receiving $10.99 in pay instead of the $15 or the $18 that they thought. This is what happens in breach of contract claims, is that plaintiffs say they weren't paid the rate they should have under the contract, and here the contract should have taken into account the SCA. Is your opposing counsel correct that the cases that you've mentioned have all dealt with minimum wages with separate state law claims attached or local ordinances? No. Look at the cases. The cases that I just mentioned and that we cited really talk about FLSA and state law breach of contract claims. They don't even really talk about state law minimum wage laws. The Department of Labor has its own way of determining what the rates should be under the SCA. As the Department of Labor just told you, it doesn't, through that process, enforce, get the overtime pay, which the plaintiffs can get from the FLSA. The FLSA also allows liquidated damages, which is, and again, if you look at the Cox case, which explained in that case that there was no administrative remedy that the plaintiffs had to exhaust here. There's no issue of an administrative remedy that the plaintiffs have to exhaust at the Department of Labor. There happened to be an investigation that was going on. It's been going on for almost 10 years. It wasn't initiated by the plaintiffs in this case. It's been almost 10 years. It hasn't reached a resolution. The plaintiffs have different options. They can either wait out the Department of Labor process, or they can go to court and bring claims under the FLSA and these breach of contract claims. I wanted to ask you about that. It seems your colleague from the Department of Labor seems to suggest that the court, the best way for the court to figure out the SCA rate would be to ask the Department of Labor. Is that your view of how that should happen? That's one way to do it. There's no reason a jury or a court couldn't decide it. Juries all the time decide complex factual issues under the Department of Labor. Complex issues of administrative law committed to a particular department? Yes. I've tried jury cases involving analysis under Department of Labor regulations over who's exempt, who's not exempt, etc. There's nothing unusual about a jury making a factual determination where the SCA sets forth the different factors. We could wait for the Department of Labor, but the Department of Labor's analysis, there's no evidence in the record. We don't think it even overlaps with the class in this case, but that's something that could be figured out on remand with the district court. And one last thing, if I could, about the jurisdictional issue that I'm not sure this court is aware of the history. Both parties and the district court, this is the second time we have all tried to get these issues up here on appeal. Previously, the district court granted our motion. I believe the parties jointly requested an interlocutory appeal to address this issue, and then this court rejected it and said, come back when the case is over. So we went back, as Mr. Stein just said, neither of the parties saw any reason to have a trial on the aspects of the FLSA that weren't in dispute. We were able to settle those. The real dispute here was about what the regular rate should be and the contract claim, which was dismissed earlier and just inadvertently left out of the final judgment. So again, that could be corrected or the court could just recognize it as an irrelevant oversight. Thank you, Ms. Royden. Thank you, Your Honors. Mr. Romhill, did you reserve some time? I did not. All right. Thank you.